UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BESMILLAH FARAHMAND,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-03907 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 1. Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing religious persecution he faced in Afghanistan, Petitioner entered the United States on April 4, 2024, through the San Ysidro, California Port of Entry. Dkt. No. 1 ¶ 56; Dkt. No. 5-1 at 2; Dkt. No. 6 at 3. He was briefly detained by U.S. Customs and Border Patrol, and then subsequently released on his own recognizance pursuant to INA § 236 and placed in removal proceedings. Dkt. No. 1 ¶ 57. After his release, Petitioner submitted an application for asylum, was authorized to work by USCIS, began working full-time, and maintains that he has no criminal history—a representation that is confirmed by records submitted by Respondents. *Id.* ¶ 62; Dkt. No. 5-1 at 3. On August 1, 2025, Petitioner was ordered removed by an immigration judge, however, he timely appealed that decision to the Board of Immigration Appeals. Dkt. No. 5-1 at 2. On January 21, 2026, Respondents re-detained Petitioner even though no final order of removal was in place, and without a finding by a neutral decisionmaker that any circumstances had changed since Petitioner's initial release. Dkt. No. 1 ¶

65; see 8 U.S.C. § 1231(a)(1)(B)(i); *Peralta Ayala v. M. Wofford*, 2026 WL 249567, at *1 (E.D. Cal. Jan. 30, 2026) (order of removal is not final where it has been appealed to the BIA).

Many prior orders within this district are dispositive on the issues raised in the Petition. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v. Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026). For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

Respondents primarily argue in response that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2). Dkt. No. 5 at 2–3. This Court—as well as the majority throughout the Ninth Circuit—have already rejected this argument on similar facts. *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228-JLT-SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025). "Such expansive interpretation of § 1225(b)(2) is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on

their own recognizance into the interior of the country." *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Besmillah Farahmand from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 23, 2026

VINCE CHHABRIA
United States District Judge